LYNDA P. KING
Senior Associate General Counsel
Nevada Bar No. 7047
NEVADA SYSTEM OF HIGHER EDUCATION
4300 South Maryland Parkway
Las Vegas, Nevada 89119
(702) 889-8426
lking@nshe.nevada.edu

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUZAN WORKMAN,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION<br><br>      Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441- FEDERAL QUESTION** |

TO:   THE CLERK OF THE ABOVE-ENTITLED COURT

**PLEASE TAKE NOTICE** that Defendant, the State of Nevada *ex rel* Board of Regents of the Nevada System of Higher Education ("NSHE"), hereby moves the state court action described below to the United States District Court for the District of Nevada. In support of this removal, Defendant state the following:

1.   Defendant has been named as a party in a case commenced by Suzan Workman ("Plaintiff") on March 1, 2024, in the Eighth Judicial District Court, Case No. A-24-888254-C ("State Court Action").

2.   On March 1, 2024, Plaintiff filed her Complaint for Damages in the State Court Action ("Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

- 1 -

3. Plaintiff in her Complaint alleges in substance that she was discriminated (sex, disability, and age) and retaliated against in violation of federal law by Defendant.

4. On May 21, 2024, service was made upon the Chancellor of the Nevada System of Higher Education pursuant to Nevada Revised Statute ("NRS") 41.031.2(b). The State of Nevada Office of Attorney General ("Attorney General") received a "courtesy copy" of the State Court Action on May 21, 2024.

5. No other proceedings have taken place in the State Court Action.

6. Defendant respectfully submits that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is an action arising under federal statutes. Therefore, pursuant to 28 U.S.C. §1441(a), Defendant is entitled to remove this action to this Court.

7. This Court is the proper venue based upon the allegations within Plaintiff's Complaint pursuant to 28 U.S.C. § 1441(a) which provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district of and division embracing the place where such action is pending.

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9. A true and correct filed-stamped copy of this Notice of Removal will be filed in the State Court Action.

Based upon the foregoing, Defendant removes the attached action to this Court.

DATED this 20th day of June, 2024.

/s/ Lynda P. King
LYNDA P. KING
Senior Associate General Counsel
Nevada Bar No. 7047
NEVADA SYSTEM OF HIGHER EDUCATION
4300 S. Maryland Pkwy.
Las Vegas, Nevada 89119
Telephone: (702) 889-8426
lking@nshe.nevada.edu
*Attorney for Defendant.*

- 2 -

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the Nevada System of Higher Education, that on the 20th day of June, 2024, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 FEDERAL QUESTION** via the Court's CM/ECF Filing System to the following:

> RICHARD SEGERBLOM
> 602 S. 10th Street
> Las Vegas, Nevada 89101
> rsegerblom@lvcoxmail.com
>
> *Counsel For Plaintiff, Suzan Workman*

/s/ Lenda Murnane
Lenda Murnane
An employee of the Nevada System
of Higher Education

| **INDEX OF EXHIBITS** | | |
|---|---|---|
| **Exhibit No.** | **Descriptions** | **Page No.** |
| A | Complaint, Case No. A-24-888254-C | NSHE 000001 -    NSHE 000009 |
|  |  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A – COMPLAINT

Case No. A-24-888254-C

Electronically Filed
3/1/2024 2:22 PM
Steven D. Grierson
CLERK OF THE COURT

```
COM
RICHARD SEGERBLOM, ESQ.
Nevada Bar No.1010
602 South 10th Street
Las Vegas, Nevada 89101
Telephone: (702) 388-9600
Facsimile: (702) 385-2909
rsegerblom@lvcoxmail.com
Attorney for Plaintiff
```

CASE NO: A-24-888254-C
Department 27

# DISTRICT COURT

## CLARK COUNTY, NEVADA

SUZAN WORKMAN,

    Plaintiff,

v.

STATE OF NEVADA ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION,

    Defendant.

CASE NO.
DEPT.

## COMPLAINT

**Exempt from Arbitration - Jury Demanded**

COMES NOW Plaintiff and complains of Defendants as follows:

### First Cause of Action

**(Title VII - Sex Discrimination - Violation of Settlement Agreement)**

I.

Plaintiff SUZAN WORKMAN, born in 1959, is a resident of Clark County, Nevada. This case is exempt from arbitration because the damages involved greatly exceed the statutory limit for arbitration referrals and because she seeks an equitable remedy, reinstatement. It is furthermore exempt because it is based on federal law - Title VII - which specifically provides for jury trials.

1

II.

Defendant STATE OF NEVADA ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, hereinafter "NSHE", is a subdivision of the State of Nevada which oversees Nevada's state and community colleges including the College of Southern Nevada. NSHE was formerly known as the University and Community College System of Nevada.

III.

The Plaintiff worked for the Defendant at the College of Southern Nevada starting in 1999. In 2004 the Plaintiff was subjected to unlawful physical and emotional sexual harassment by a member of the Board of Regents. As a result of that illegal conduct the Plaintiff suffered physical injuries and extreme emotional distress which resulted in permanent anxiety, depression and PTSD. Anxiety, depression and PTSD constitute disabilities recognized by the Americans With Disabilities Act (ADA).

IV.

In an effort to stop the Regent's harassment the Plaintiff filed a Charge of Discrimination with the EEOC detailing the unwelcome and unlawful sexual harassment by the Regent and identifying the disabilities which that harassment created. A settlement of that Charge was negotiated with the then Chancellor of NSHE. Pursuant to the Settlement Agreement the Plaintiff received among other remedies $30,000 to compensate her for the disabilities - anxiety, depression and PTSD -which were caused by the harassment. This compensation demonstrates that the Defendants was fully aware that the Plaintiff was a qualified individual with a disability entitled to protection under the ADA.

V.

Before she signed the Agreement the Plaintiff was assured by the Chancellor that she would work in the CSN President's office reporting directly to the President of the College. He also promised that to protect the Plaintiff and to

2

NSHE 000002

prevent the public from learning about the Regent's conduct and the Settlement Agreement would be kept confidential and would be maintained exclusively in the President's office. The Plaintiff was also promised that she would have a private office with access to leave the building at anytime to address emotional distress concerns.

### VI.

Based upon the Chancellor's assurances and her love for the College the Plaintiff signed the Settlement Agreement on August 4, 2004, thereby dismissing her EEOC sexual harassment case. Although she continued to suffer serious emotional distress related to the sexual harassment the Plaintiff returned to work. During her subsquent employment the Plaintiff received a promotions, excellent annual evaluations and merit raises while continuing to work in her private office and reporting to the President as promised by the Chancellor.

### VII.

Starting in the summer of 2020 and escalating in January, 2021, the Defendant violated the Plaintiff's confidential Title VII agreement by removing her from the President's Office and making her workplace insecure. When she tried to contact the Defendant's attorney to complain the agreement was being violated the Defendant ignored the Plaintiff's pleas for help. The failure to honor the confidential agreement and protect the Plaintiff exacerbated her mental health causing her extreme emotional distress, anxiety and PTSD. When the Plaintiff asked the Defendant accommodate her psychological disabilities they refused to enter into the interactive process in good faith, further exacerbating the Plaintiff's mental health. She was ultimately terminated without cause, in violation of the confidential settlement, in retaliation for requesting the agreement be honored, in retaliation for requesting an accommodation, and because of her disabilities.

NSHE 000003

VIII.

As a result of this breach of the Agreement the Plaintiff's disabilities - ptsd, depression and anxiety - returned and she was unable to work. She informed NSHE, the CSN President and their attorneys of her condition but they continued to breach the Agreement, ultimately firing the Plaintiff because she would not accept their mandates which violated the 2004 Agreement.

IX.

The Plaintiff is seeking to have the 2004 Agreement upheld and be returned to her employment in the CSN President's office. The Plaintiff is also seeking to be awarded all backpay and benefits and seniority she lost as a result of the Defendants' failure to abide by the terms of the 2004 Settlement Agreement.

X.

The Plaintiff filed a second Charge of Discrimination on October 6, 2021, a copy of which is attached hereto. In that charge she alleged that she was being subjected to discrimination and retaliated against in because of her sex, age and disability. She has received a right to sue letter based upon the Charge, a copy of which is attached hereto.

XI.

As a direct result of the Defendant's unlawful conduct the Plaintiff has suffered emotional distress and lost income, the full extent of which is yet to be determined.

### Second Cause of Action
### (Retaliation - Title VII)

XII.

The Plaintiff repleads and realleges the allegations contained in paragraphs I through XI as though fully set forth herein.

NSHE 000004

XIII.

The Plaintiff asked the Defendant to honor her Title VII Settlement Agreement and the Defendant retaliated against her for making that request and the Plaintiff has been harmed by that retaliation.

### Third Cause of Action

**(Disability Discrimination - ADA)**

XIV.

The Plaintiff repleads and realleges the allegations contained in paragraphs I through XIII as though fully set forth herein.

XV.

The Plaintiff is a qualified individual with a disability and the Defendant has known about her disability since at least 2004. In 2010 and 2011 the Plaintiff requested accommodations for her disabilities and the Defendant refused those requests and refused to enter into the interactive process as required by the ADA.

XVI.

As a direct result of the Defendant's unlawful acts the Plaintiff suffered extreme emotional distress and financial loss the full extent of which is yet to be determined.

### Fourth Cause of Action

**(Retaliation in Violation of the ADA)**

XVII.

The Plaintiff repleads and realleges the allegations contained in Paragraphs I through XVI above as though fully set forth herein.

XVIII.

The Plaintiff requested that the Defendant accommodate her disabilities and the Defendant terminated her in retaliation for making that request and she has suffered extreme emotional distress and financial loss as a direct result of that retaliation.

NSHE 000005

### Fifth Cause of Action
### (Age Discrimination - ADEA)

#### XIX.

The Plaintiff repleads and realleges the allegations contained in Paragraphs I through XVIII as though fully set forth herein.

#### XX.

The Plaintiff was treated differently and terminated because of her age and she was replaced by someone substantially younger in violation of the Age Discrimination in Employment Act (ADEA) and the Plaintiff has suffered economic harm as a direct result of said acts.

WHEREFORE, Plaintiff prays for the following relief:

1. An injunction ordering the Defendant to comply with the 2004 Settlement Agreement and promises which were made by the Chancellor to entice the Plaintiff to sign the Agreement;
2. Reinstatement, backpay, benefits and seniority;
3. Emotional distress damages in the amount greater than $20,000;
4. Attorneys fees and costs of suit; and
5. Such other and further relief as the Court may wish to entertain.

DATED this 1st day of March, 2024.

RICHARD SEGERBLOM, ESQ.
602 South 10th Street
Las Vegas, Nevada 89101
Attorney for Plaintiff
Bar #1010

6

NSHE 000006

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 487-2021-01838 |

**NEVADA EQUAL RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **SUZAN WORKMAN** | **702-249-0669** | **1959** |

Street Address: **844 N. RAINBOW #108**, City, State and ZIP Code: **LAS VEGAS, NV 89107**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **NEVADA SYSTEM OF HIGHER EDUCATION** | **501+** | **(702) 889-8426** |

Street Address: **6375 W. CHARLESTON BOULEVARD**, City, State and ZIP Code: **LAS VEGAS, NV 89119**

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **01-08-2021**   Latest: **09-28-2021**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   On or about September 6, 1999 I began work as a Receptionist at Nevada State Higher Education (NSHE), College of Southern Nevada (CSN), and was thereafter promoted to Operations Coordinator/Project Manager. On or about January 8, 2021 and continuing I asked for an accommodation for my disability and was ignored. On or about January 25, 2021 I was suspended by my supervisor, Richard Lake, Assistant Director of Marketing.

II.   In 2004 I was sexually harassed by a member of the Board of Regents. I filed a charge of discrimination against the University and Community College System of Nevada - EEOC Charge No. 34BA400688 - because of the harassment, and that charge was settled on August 4, 2004, with a confidential written settlement agreement signed by the then Chancellor, James Rogers. The Agreement was with the University System, not the College of Southern Nevada. Pursuant to that agreement I was assigned to work in the President's Office, given a secure office where I had easy access to and from the exit door, and told I would be secure in my environment and in my job. I proceeded to work without incident under that agreement

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Suzan Workman on 10-06-2021 07:09 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

NSHE 000007

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2021-01838 |
|---|---|---|
| **NEVADA EQUAL RIGHTS COMMISSION**<br>*State or local Agency, if any* | | and EEOC |

until the summer of 2020, receiving excellent evaluations. Starting in the summer of 2020 and escalating in January, 2021, the College violated my Confidential Agreement by removing me from the President's Office and making my workplace insecure. When I tried to Contact the System's attorney to complain the College was violating the EEOC Confidential Settlement Agreement, both the System and the College ignored by pleas for help. Their failure to honor the Agreement and protect me exacerbated my mental health causing me extreme emotional distress and anxiety and PTSD. I then began requesting the College accommodate my psychological disabilities but they refused to enter into the interactive process in good faith, further exacerbating my mental health. At this point I have been terminated without cause and in retaliation for requesting they honor the Settlement Agreement and accommodate my disability.

III.   I believe I have been discriminated and retaliated against because of my age (62) in violation of the Age Discrimination Act of 1967, as amended and because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Suzan Workman on 10-06-2021 07:09 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

NSHE 000008

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/29/2023

**To:** Suzan Workman
844 N. Rainbow #108
LAS VEGAS, NV 89107
Charge No: 487-2021-01838

EEOC Representative and email:    JOE HUANG-VALERIANO
Senior Investigator
joe.huang-valeriano@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 487-2021-01838.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
12/29/2023

Christine Park-Gonzalez
District Director

NSHE 000009